JOHNSON *v.* MAXWELL, WARDEN.

(No. 39242—Decided April 21, 1965.)

*Mr. Charles V. Johnson,* in propria persona.
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner contends that he was arrested, beaten, held incommunicado for eight days, denied his right to call counsel, and not informed of his right to consult counsel at his preliminary hearing in accordance with the provisions of Section 2937.02, Revised Code.

Petitioner specifically stated at his hearing that he made no statements during this period except that he was not guilty. Thus, even if we assume that petitioner was treated as he contends, unlike in *Escobedo* v. *Illinois*, 378 U. S. 478, there is nothing to indicate that any incriminating statements were obtained from or used against petitioner.

Petitioner further contends that counsel was not appointed for him until after his arraignment and after he pleaded to the indictment. However, the transcript of docket and journal entries shows that petitioner was arraigned on January 16, 1963, and that, at his request, counsel was then appointed to represent him. After this, on January 19, 1963, petitioner entered his plea of not guilty. Counsel was not only appointed to represent petitioner prior to the time he entered his plea, but it was not until three days after such appointment and after petitioner had had adequate time to consult with his counsel that he entered that plea.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.